UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PUTNAM VALLEY VOLUNTEER FIRE
DEPARTMENT, INC.,

                      Plaintiff,                    2023 Civ. ___

v.                                     **COMPLAINT**

JOHN ADORNO, JOHN J. ADORNO, INC. d/b/a
UNIVERSAL CONSTRUCTION, METRO GREEN,
LLC., and John Doe No. 1 through John Doe No. 2

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Plaintiff, The Putnam Valley Volunteer Fire Department, Inc. ("Fire Department"), by and through its attorneys, the Law Office of William A. Ruskin, PLLC., for its Complaint against John J. Adorno, John J. Adorno, Inc. d/b/a Universal Construction, Metro Green, LLC, and John Doe No. 1 through John Doe No. 10, alleges as follows:

<u>**NATURE OF THE ACTION**</u>

        1.     This is a civil action for the recovery of money damages, fees and costs, and special damages pursuant to the Comprehensive Environmental Response, Compensation and Recovery Act (42 U.S.C. § 9601, et seq.) ("CERCLA") and the laws of the State of New York. Plaintiff seeks to recover costs that it has incurred and will incur to remediate property in response to the unlawful dumping of construction and demolition ("C&D") debris and fill contaminated with hazardous substances, as defined in 42 U.S.C. § 9601(14), at a project site to build a new firehouse to service the Putnam Valley, New York community. The project site where the dumping occurred

is located at 218 Oscawana Lake Road, Putnam Valley, New York 10579 (hereinafter referred to as the "Site") on property owned by the Fire Department.

2. Consistent with the National Contingency Plan ("NCP") established under CERCLA—which sets forth the federal government's guidelines for responding to *inter alia* hazardous substance releases—Plaintiff has incurred and is continuing to incur necessary response costs, including but not limited to, investigation and remediation costs, to address the substantial release and disposal of hazardous substances at the Site by Defendants.

3. Plaintiff has incurred at least $1.75 million in response costs, which amount continues to grow as further work is performed.

4. A copy of the complaint was provided to the Attorney General of the United States and to the Administrator of the United States Environmental Protection Agency (EPA), pursuant to 42 U.S.C. § 9613(1).

**PARTIES**

5. Plaintiff Fire Department was at all times herein a corporation duly organized under the laws of the State of New York.

6. Defendant John Adorno was at all times herein an individual residing at 146 Cordial Road, Yorktown Heights, New York 10698. He is the sole officer and an owner of John J. Adorno, Inc.

7. Defendant John J. Adorno, Inc. (hereinafter referred to as "Universal Construction", the fictitious name under which it performs business) is a corporation organized under the laws of the State of New York. The company operates out of defendant Adorno's home at 146 Cordial Road, Yorktown Heights, New York 10698.

8. Defendant Metro Green LLC was at all times herein a New York limited liability

company with offices at 100A Oak Street, Mount Vernon, New York 10550.

9. Defendants John Doe No. 1 through John Doe No. 10 are entities or individuals whose identities are currently unknown to plaintiff, but on information and belief, are known to Defendants, who knowingly, negligently or otherwise, generated and provided C&D debris, contaminated fill or other solid wastes to defendants John Adorno and Universal Construction for unlawful disposal at the Site, or arranged, aided or assisted those defendants in the unlawful disposal of contaminated fill, C&D and other solid wastes at the Site  The actual number of entities or individuals constituting the "John Doe" defendants is unknown at this time.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §§ 9607(a), 9613(g)(2), and 28 U.S.C. §§ 1331, 1332, and 1367.

11. This Court has personal jurisdiction over the Defendants who, upon information and belief, all reside in Westchester County within the state of New York.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) insofar as the Fire Department resides, and has its principal office in, this District and the Site where the disposal activity occurred is located within this District. .

## FACTUAL ALLEGATIONS

13. In response to complaints that fill material was being placed at the Site, the New York State Department of Environmental Conservation ("DEC"), commenced an investigation of the Site property in August 2016.

14. During its investigation, DEC determined that approximately 10,000 cubic yards of fill containing solid waste had been improperly disposed of at the Site. DEC staff visually observed

that the fill material on the Site included, but was not limited to, metals, plastics, asphalt shingles, fabric, vinyl, dimensional lumber and ceramic tile.

15. The Fire Department retained an environmental consultant, HDR, to perform an evaluation of the fill that had been disposed of at the Site.

16. In a March 2017 assessment, HDR reported that the fill material consisted of urban fill, specifically construction and demolition ("C&D") debris (bricks, asphalt, concrete, etc.), and a mixture of sand and silt soil.

17. HDR identified contaminants of concern based upon sample results exceeding NYS Part 375 soil cleanup objectives and included eleven semi-volatile organic compounds, seven metal compounds, polychlorinated biphenyls (PCBs), and pesticides. In addition, HDR identified one stockpile and two surficial soil areas as having asbestos-containing materials.

18. HDR's assessment determined that the fill disposed of at the Site contained, among other materials, metals, PCBs, pesticides, volatile organic compounds and asbestos, which are all "hazardous substances" under CERCLA.

19. During the course of DEC's investigation, DEC Environmental Conservation Police Officers conducted an interview with defendant John Adorno. During the course of that interview Adorno admitted that the company he owns and operates, Universal Construction, had dumped the fill observed by DEC investigators at the Site.

20. Defendant John Adorno advised DEC's investigators that he had obtained some of the fill from an undisclosed demolition site on Water Street in the Bronx, but that most of the fill he disposed of at the Site had come from defendant Metro Green, LLC's processing facility in Mount Vernon, New York.

21. The Fire Department and DEC entered into an Order on Consent on January 19, 2019, arising from DEC's determination that the Fire Department had operated an unpermitted solid waste management facility on the Site.

22. Subsequent to the entry of the Order on Consent, the Fire Department proposed, and DEC approved in July 2019, a remediation plan to address the threat to the environment presented by the disposal of construction and demolition debris fill materials ("C&D") at the Site, including the CERCLA hazardous substances contained in that fill.

23. Plaintiff has incurred additional damages and costs and addressing the contamination at the Site, including but not limited to legal fees, substantial project cost over-runs and project delays that are directly attributable to Defendants' actions.

**FIRST CLAIM FOR RELIEF**

**(CERCLA – Cost Recovery)**

24. Plaintiffs repeat and reallege Paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25. CERCLA § 107(a)(1)-(4)(B) empowers "any . . . person" to recover "necessary costs of response" incurred "consistent with the national contingency plan," plus interest, "notwithstanding any other provision or rule of law." 42 U.S.C. §§ 9607(a)(1)-(4)(B). In the event of (1) a release or threatened release, (2) from a facility, (3) of a hazardous substance, (4) which causes incurrence of response costs, persons incurring response costs can recover from any entity that falls within the four categories of parties deemed liable under CERCLA. *Id.*

26. The four classes of liable parties under CERCLA include: (1) the current owner or operator of a facility, (2) any person who owned or operated any facility at the time of disposal of

hazardous substances, (3) any person who arranged for disposal or treatment of hazardous substances, and (4) any person who accepts hazardous substances. 42 U.S.C. §§ 9607(a)(1)-(4).

27. "Hazardous substances" under CERCLA are listed at 40 C.F.R. § 302.4 and include substances that EPA has listed, or with respect to which EPA has taken action, under a variety of other environmental laws. 42 U.S.C. §§ 9601(14)(A), (C)-(F).

28. The Site is a "facility" within the meaning of CERLCA § 101(9) because it is a place "where a hazardous substance has been deposited, stored, disposed of or placed, or otherwise come to be located." 42 U.S.C. § 9601(9).

29. The fill disposed of at the Site and its individual chemical constituents are "hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

30. Defendants are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

31. Upon information and belief, Defendants are CERCLA "arrangers" who arranged for disposal or treatment of hazardous substances at the Site.

32. Upon information and belief, Defendants are liable under CERCLA for having transported hazardous substances to the Site or arranged for third parties to do so.

33. Upon information and belief, defendant Metro Green, LLC is a generator under CERCLA whose acts and/or processes produced the "C&D" disposed of at the Site.

34. There has been a "release" and "disposal" of hazardous substances at the Site within the meaning of CERCLA §§ 101(22) and 107(a), as demonstrated by the presence of "C&D" at the Site. 42 U.S.C. §§ 9601(22); 9607(a).

35. Plaintiff is a "person" within the meaning of CERCLA §§ 101(21) and 107(a), 42 U.S.C. §§ 9601(21); 9607(a).

36. The release and disposal of hazardous substances at the Site has caused Plaintiff to incur necessary costs of response within the meaning of CERCLA §§ 101(25) and 107(a)(4)(B). 42 U.S.C. §§ 9601(25); 9607(a)(4)(B).

37. Plaintiff has incurred at least $1.75 million in response costs, which amount continues to grow as further work is performed.

38. Plaintiff's CERCLA Response Costs have been incurred and will continue to be incurred in order to investigate and remediate contamination disposed of at the Site.

39. All CERCLA Response Costs incurred and to be incurred by Plaintiff are consistent with, and not inconsistent with, the NCP, 40 C.F.R. §§ 300, et seq.

40. Defendants are therefore liable to Plaintiff, jointly and severally, for Plaintiff's CERCLA Response Costs, plus interest, in an amount to be determined at trial, including the costs of ongoing operation and maintenance of any remedial system and/or site management activities until such time as any such action is no longer required, pursuant to CERCLA § 107(a). 42 U.S.C. § 9607(a).

**SECOND CLAIM FOR RELIEF**

**(CERCLA – Contribution)**

41. Plaintiff repeats and realleges Paragraphs 1 through 40 of this Complaint as if set forth fully herein, including, without limitation, all factual allegations and legal conclusions set forth in Plaintiff's First Claim for Relief.

42. By entering into the Order on Consent and through the successful completion of its obligations, Plaintiff has addressed its liability to the State of New York for having operated an unpermitted solid waste management facility. The costs associated with the performance of the work by the Fire Department in addressing its obligations under the Order on Consent fall

under the definition of the costs of a response action within the meaning of CERCLA § 113(f)(3)(b). 42 U.S.C. § 9613(f)(3)(B).

43. Defendants are liable to Plaintiff in contribution for any CERCLA Response Costs not recoverable under Plaintiff's First Claim for Relief herein, plus interest in an amount to be determined at trial, including the costs of ongoing operation and maintenance of any remedial system until such time as any such action is no longer required, pursuant to CERCLA §§ 107(a) and 113(f)(3)(B). 42 U.S.C. § 9607(a); § 9613(f)(3)(B).

44. In the alternative, Plaintiff is entitled to contribution from Defendants pursuant to an implied right of contribution under CERCLA. 42 U.S.C. § 9607(a);

## THIRD CLAIM FOR RELIEF

### (CERCLA – Declaratory Judgment)

45. Plaintiff repeats and realleges Paragraphs 1 through 44 of this Complaint as if set forth fully herein, including, without limitation, all factual allegations and legal conclusions set forth in Plaintiff's First and Second Claims for Relief.

46. There is a present and actual controversy between Plaintiff and Defendants concerning their respective rights and obligations with respect to CERCLA Response Costs associated with the Site.

47. CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that courts "shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

48. Plaintiff is entitled to a declaratory judgment that Defendants shall be liable for necessary future costs of response consistent with the NCP relating to the Site, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201 and 2202.

## FOURTH CLAIM FOR RELIEF

### (Indemnification/Restitution)

49. Plaintiff repeats and realleges Paragraphs 1 through 48 of this Complaint as if set forth fully herein.

50. Plaintiff did not cause or contribute to the contamination at the Site.

51. Plaintiff has incurred, and will continue to incur, costs in the course of taking actions to perform Defendants' duty to remediate the Site.

52. Defendants have received a benefit as a result of Plaintiff's actions to perform their duty insofar as Defendants should have borne the costs and expenses of such actions.

53. Plaintiff's past and future costs of performing Defendants' continuing duty should be borne by Defendants.

54. Since Plaintiff has incurred and will incur costs that should be borne by Defendants, Defendants have been and will be unjustly enriched at Plaintiff's expense.

55. An injustice will result if Defendants do not reimburse and make Plaintiff whole for such costs.

56. Defendants must provide restitution to the Plaintiff by law, statute, equity, or otherwise for all damages, costs and expenses that Plaintiff has incurred and may incur in the future, which are not recoverable under Plaintiff's First, Second, or Third Claims for Relief herein.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment as to Indemnification and/or Restitution)

57. Plaintiff repeats and realleges Paragraphs 1 through 56 of this Complaint as if set forth fully herein.

58. There is a present and actual controversy between Plaintiff and Defendants concerning their respective rights and obligations with respect to responding to Defendants' release and disposal of hazardous substances at the Site.

59. Defendants are responsible for the disposal and release of hazardous substances at the Site.

60. Plaintiff has expended and will continue to expend costs in responding to Defendants' disposal and release of hazardous substances at the Site, which costs are necessary to protect public health, safety, and the environment.

61. Defendants would be unjustly enriched were Plaintiff to continue to act to address hazardous substances disposed of or released at the Site by Defendants.

62. An injustice would result if Defendants were not required to make restitution and to reimburse and make Plaintiff whole for such costs.

63. Plaintiff is entitled to a declaratory judgment holding Defendants liable for all future damages, costs and expenses that Plaintiff has incurred or may incur, which are not recoverable under Plaintiff's First, Second, or Third Claims for Relief herein.

### **PRAYER FOR RELIEF**

WHEREFORE, upon all of the foregoing, Plaintiff seeks judgment against Defendants as follows:

    i. declaring Defendants liable to Plaintiff jointly and severally under CERCLA for the CERCLA Response Costs, plus interest;

    ii. in the alternative, declaring Defendants liable to Plaintiff in contribution under CERCLA for the CERCLA Response Costs, plus interest;

iii.   ordering Defendants to pay Plaintiff recompense and damages in the amount of the CERCLA Response Costs, plus interest, pursuant Defendants' CERCLA liability;

iv.   declaring Defendants liable to Plaintiff for necessary future costs of response consistent with the NCP in subsequent actions for further costs relating to Site contamination pursuant to CERCLA § 113(g)(2);

v.   declaring Defendants liable to make restitution to Plaintiff and provide such compensation for Plaintiff's performance of the duties of the Defendants performing the duties under the law of the State of New York that is not recoverable under CERCLA; and

vi.   granting such other and further relief as the Court deems just and proper.

Dated: Rye Brook, New York
       May 19, 2023

                                                  Respectfully submitted,

                                                  LAW OFFICE OF WILLIAM A. RUSKIN, PLLC

                                                  By: _____
                                                        William A. Ruskin (WR 8412)
                                                        800 Westchester Ave, Suite N-641
                                                        Rye Brook, New York 10573
                                                         Telephone: (914) 231-0360
                                                        Facsimile: (914) 231-0361
                                                        wruskin@wruskinlaw.com

                                                 *Attorneys for Putnam Valley Volunteer Fire Department, Inc.*