## LAW OFFICE OF WILLIAM A. RUSKIN, PLLC

WILLIAM A. RUSKIN
wruskin@wruskinlaw.com

800 WESTCHESTER AVENUE, N. 644                Tel (914) 234-0360
RYE BR

**VIA CM/ECF SYSTEM**

Hon. Philip M. Halpern, U.S.D.J., S.D.N
Charles L. Brieant Jr. United States Court
300 Quarropas Street
White Plains, New York 10601

> Application granted. A conference has been scheduled for April 16, 2024 at 10:00 a.m. concerning this discovery dispute. The conference will be held in person in Courtroom 520 of the White Plains courthouse. The parties are encouraged to meet and confer and shall endeavor to resolve their discovery disputes without the Court's intervention. By April 9, 2024, the Adorno Defendants shall submit unredacted copies of the subject documents to the Court via e-mail to HalpernNYSDChambers@nysd.uscourts.gov for *in camera* review.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         April 4, 2024

**Re:**  *Putnam Valley Volunteer Fire Department, Inc. v. John Adorno, et al.*
7:23-cv-04153-PMH

Dear Judge Halpern,

Plaintiff Putnam Valley Volunteer Fire Department, Inc. ("Plaintiff") submits this letter-motion pursuant to Your Honor's Individual Practice Rule 4.D. and Local Civil Rules 7.1(d) and 37.2 requesting a pre-motion discovery conference to address a discovery dispute between Plaintiff and Defendants John Adorno and John J. Adorno, Inc., d/b/a Universal Construction ("Adorno Defendants") arising from the production by the Adorno Defendants of two heavily redacted documents contained in their document production--a 2-page letter to John Adorno from the New York State Department of Environmental Consservation (NYSDEC), dated December 28, 2018, and an attached 13-page proposed Order on Consent (JA004152-JA004166) (The two documents are attached hereto as Exhibit "A").This pre-motion letter is a joint motion from all counsel.[1] The Adorno Defendants' objections to

---

[1] On the afternoon of March 26, William A. Ruskin, counsel for Plaintiff, conducted a meet-and-confer of approximately thirty minutes in duration with Charles Carluccio and Alita Giuda, counsel for Adorno Defendants but were unable to resolve the discovery dispute that is the subject of this letter-motion.

Hon. Philip M Halpern, U.S.D.J.
April 4, 2024

producing the unredacted documents and other related documents are set forth in italics for clarity.

**Relevant Background**. At its heart, this is a CERCLA cost recovery litigation in which Plaintiff seeks to recover from defendants the cleanup costs it incurred pursuant to an Order on Consent entered into with the NYSDEC on January 11, 2019. The Order on Consent required Plaintiff to perform an environmental remediation at properties owned by both Plaintiff and the Putnam Valley Volunteer Ambulance Corps located at 218 Oscawana Lake Road in Putnam Valley, New York (collectively the "Site") resulting from the illegal disposal of approximately 14,300 cubic yards of solid waste. During their investigation of the illegal disposal, NYSDEC investigators were apprised by John Adorno in August 2018 that he had disposed of fill at the Site. Amended Complaint ¶¶ 21-22.[2] *The Adorno Defendants vehemently disagree with Plaintiff's contention that Mr. Adorno "apprised" DEC that he disposed the contaminated fill at the Site. Mr. Adorno never made such a statement to the DEC, or anyone else, and the Adorno Defendants deny ever transporting any contaminated fill to the Site. Indeed, the evidence produced thus far in discovery has shown that the Adorno Defendants transported clean fill to the Ambulance Corps,*

Prior to filing the instant lawsuit, Plaintiff filed a Petition for Pre-Action discovery to obtain the identity of prospective defendants in the Supreme Court of the State of New York, County of Putnam. Pursuant to the Order of the Hon. Victor Grossman, J.S.C. dated March 17, 2023, the Petition was granted to the extent that Plaintiff was authorized to seek the

---

[2] *The Adorno Defendants dispute the above recitation of Plaintiff's alleged relevant facts. Plaintiff is conflating CERCLA response costs with 6 NYCRR Part 360 (solid waste) remediation, the latter of which Plaintiff was required to perform by the New York State Department of Environmental Conservation. The Amended Complaint seeks recovery for alleged response costs pursuant to CERCLA. The Order on Consent referenced above, which Plaintiff executed and admitted liability in connection with operating a solid waste facility without a permit, does not concern CERCLA response costs; it is a Part 360 Order on Consent dealing with solid waste management.*

Hon. Philip M Halpern, U.S.D.J.
April 4, 2024

requested pre-action discovery from John Adorno. Pursuant to the Court's Decision, Order
and Judgment, John Adorno submitted to deposition on April 3, 2023, with his lawyer in
attendance. During the deposition, Adorno asserted his Fifth Amendment right on multiple
occasions and refused to answer virtually any and all questions posed to him concerning his
disposal of contaminated fill on the Site upon being advised by his counsel that his answers
might subject him to criminal liability. Amended Complaint ¶33.

*The Adorno Defendants are at a loss as to why the above paragraph is at all relevant
to the subject of this letter and discovery dispute. Apparently, Plaintiff is desperate to paint
the Adorno Defendants in a negative light in hopes of gaining sympathy from the Court. Do
not be fooled. Plaintiff fails to provide a complete picture of the "relevant background."
Plaintiff fails to inform the Court what the Decision, Order and Judgment narrowly
permitted it to seek during Mr. Adorno's deposition: only the identity of entities and/or
individuals that may have transported, or been the source of, fill to the Site; it did not permit
a fishing expedition into the merits of Plaintiff's potential action against the Adorno
Defendants. Thus, all of Plaintiff's "questions posed to [Mr. Adorno] concerning his
disposal of contaminated fill on the Site" were improper and wholly exceeded the scope of
the Decision, Order and Judgment. The Order of the Hon. Victor Grossman, J.S.C. dated
March 17, 2023, is attached as Exhibit "B" (See Ex. B, p. 11.)*

**Adorno Defendants' Discovery Responses**. In Adorno Defendants' responses to
Plaintiff's First Request for Production of documents served on March 8, 2024, Adorno
Defendants responded to a request for documents concerning "communications with
NYSDEC concerning your placement of fill at the Site" by stating that "Defendants are not
in possession, custody or control of documents responsive to this request" (Response to
Request No. 11). In response to a request seeking "communications with NYSDEC

Hon. Philip M Halpern, U.S.D.J.
April 4, 2024

concerning your disposal or alleged disposal of Contaminated Fill and/or Construction and Demolition Debris at locations in New York State other than the Site to present," Adorno Defendants objected to the request on the ground that it constituted "an impermissible fishing expedition that is irrelevant, will not lead to the discovery of material or relevant evidence, and that it is overbroad and/or unduly burdensome." (Response to Request No. 12).

Contrary to Adorno Defendants' assertion in its response to Request No. 11 that there had been no communications with NYSDEC, Adorno Defendants produced two heavily redacted documents demonstrating that communications with NYSDEC had in fact taken place—a 2-page letter to John Adorno from NYSDEC, dated December 28, 2018, and an attached 13-page proposed Order on Consent (JA004152-JA004166) (See Exhibit "A"). In its letter, NYSDEC alleges that John Adorno had committed "serious violations of the Environmental Conservation Law and its attendant regulations" and assessed a $60,000 civil penalty and outlined "corrective actions needed to bring the sites into compliance with the Environmental Conservation Law." In the proposed Order on Consent, NYSDEC stated that "Department staff observed that Respondent constructed a solid waste management facility at the Putnam Valley Volunteer Ambulance Corps" on August 24, 2016, without having a valid permit to do so. As this allegation goes to the core of Plaintiff's claim that Adorno Defendants are legally responsible for the cleanup costs incurred in its remediation of the Ambulance Corps property, these documents are both material and relevant and should be produced without redaction. Multiple pages of what are presumably the State's factual allegations in support of its claim are entirely redacted from the proposed Order on Consent. (See Exhibit "A", pps. 10-13). The State's allegations that Adorno Defendants contaminated multiple sites with contaminated fill, including the site in the case at bar, is evidence of a pattern of unlawful conduct that belies Mr. Adorno's denials of wrongdoing.

Hon. Philip M Halpern, U.S.D.J.
April 4, 2024

Adorno Defendants have refused to produce unredacted documents and rebuffed Plaintiff's demand that Adorno's counsel (who has represented Adorno Defendants for at least the past six years) produce all non-privileged documents in their file concerning their months of ongoing communications with NYSDEC on their client's behalf concerning Adorno's alleged dumping scheme.[3] It is submitted that the Court should order Adorno Defendants and their counsel to produce forthwith all documents in their possession, custody or control concerning NYSDEC's findings .

*The Adorno Defendants maintain that the redacted portions of the DEC letter and proposed Order on Consent are not relevant to, as Plaintiff's counsel describes it, "a CERCLA cost recovery action" relating to one particular site, where strict liability negates any need to evaluate state of mind or motive. The redacted portions of the document are not related to this matter and do not concern the Site whatsoever.  Any facts related to this Site were produced without redaction.  Further, as Plaintiff has been apprised by counsel, the Adorno Defendants never executed the proposed Order on Consent, further solidifying its irrelevance to this litigation.  If the Court is so inclined, the Adorno Defendants would be willing to submit an unredacted version of the letter and proposed Order on Consent to the Court for an in camera review.*

Respectfully submitted,

William A. Ruskin

cc. Counsel of record (Via CM/ECF)

---

[3]  For example, John Adorno and his counsel at the Couch White law firm attended a meeting at the offices of NYSDEC on August 29, 2019, some eight months after receiving NYSDEC's letter and proposed Order on Consent, apparently as part of ongoing efforts to reach a negotiated resolution to the ongoing dispute.